UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

RICARDO LAMAR LEWIS,

        Defendant.

Case No. 23-cr-165-pp

**ORDER DENYING DEFENDANT'S LETTER REQUEST TO LIFT DETAINER (DKT. NO. 32)**

On August 11, 2025, the court received a letter from the defendant asking the court to lift the federal detainer lodged against him. Dkt. No. 32.

This is not the defendant's first request for the court to lift the federal detainer. In March 2025, the court received from the defendant two similar requests (Dkt. Nos. 26 and 28), which the court denied (Dkt. No. 30). In the March requests, the defendant asked the court to lift the federal detainer so that he would be eligible for work release privileges while serving his state sentence. Dkt. Nos. 26, 28. The government opposed the request, citing the defendant's "status as an absconder and new criminal conduct committed while on supervised release." Dkt. No. 29. The probation office advised the court that even if the court lifted the federal detainer, the defendant would be ineligible for work release privileges because he was serving an extended supervision revocation term in Milwaukee County Case No. 2020CF0000816.

1

Dkt. No. 30 at 2. The probation office opined that the defendant would be a poor candidate for work release and recommended that the court allow the defendant's state sentence to expire before bringing him before the federal court for revocation of supervised release proceedings. Id. The court agreed. Id.

In the letter the court received on August 11, 2025, the defendant repeats his assertion that lifting the federal detainer will allow him to qualify for work release. Dkt. No. 32 at 1-2. The defendant calculates that a six-month sentence "yall" gave him was to run concurrently with the two-year sentence imposed in state court; he calculates that once the federal "Detainer is up" he still will have eight months to serve in state court but will no longer have any "Federal papers upon release." Id. at 1. He explains that his counselor has told him that the only way he can be eligible for work release is if the federal detainer is lifted; he says that leaving prison with some money saved and a job will help him be a better father to his young daughter. Id.

This federal court—Judge Pepper, in the Eastern District of Wisconsin—never has imposed a sentence upon the defendant. The defendant was sentenced for the original offenses by U.S. District Judge Theodore D. Chuang of the District of Maryland. Dkt. No. 3-2. Judge Chuang sentenced the defendant on one count of bank robbery and one count of being a prohibited person in possession of a firearm. Id. at 1. Judge Chuang imposed a sentence of seventy (70) months as to the bank robbery count and seventy (70) months as to the prohibited person in possession count, with the two seventy-month

2

terms running concurrently with each other for a total sentence of seventy months, or five years and ten months. Id. at 2.

This court took over the defendant's supervision on September 7, 2023. Dkt. No. 1. The court issued a detainer only six days later, because the defendant had failed to report to his probation officer and had picked up a traffic citation and criminal charges. Dkt. No. 4. After his arrest, Magistrate Judge Stephen C. Dries released the defendant pending his federal revocation hearing. Dkt. No. 6. But before that hearing could take place, defense counsel asked to adjourn it. Dkt. No. 11. Defense counsel explained that the parties were requesting the adjournment to track the status of a state case pending in Kenosha County. Id. at 2. The court granted that request, dkt. no. 12, and several other requests for adjournment. In November 2024, the probation office reported that the Kenosha County charges had been dismissed and asked this court to cancel the federal supervised release revocation hearing. Dkt. No. 24. But at the end of December 2024, this court was forced to issue another arrest warrant. Dkt. No. 25. Probation reported that the defendant had last had contact with his probation officer on November 5, 2024; probation had been unable to contact the defendant and his whereabouts were unknown. Id.

This federal court never has held a supervised release revocation hearing for the defendant. It has not imposed a six-month concurrent sentence (or any other revocation sentence). There is a detainer pending because when the defendant finishes serving his state sentences, he must appear in federal court for a revocation proceeding. The purpose of the detainer is to make certain that

3

when the defendant finishes his state prison term, he appears in federal court to address his violations of federal supervised release. The court has no reason to lift the federal detainer.

On April 7, 2025, the court—through Magistrate Judge Duffin—appointed counsel for the defendant. Dkt. No. 31. Attorney Craig Albee now represents him. A defendant "has no right to file a pro se brief *or* motion in any court while counsel represents him." United States v. Rollins, 309 F. App'x 37, 38 (7th Cir. 2009) (citation omitted). If the defendant wants the court to do something, he must make that request through Attorney Albee.

The court **DENIES** the defendant's letter request to lift the federal detainer. Dkt. No. 32.

Dated in Milwaukee, Wisconsin this 18th day of August, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**